IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Raymond Garvin (A00367), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 5495 |
| | ) | |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| Ryan J. Krehbiel, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied. If Plaintiff wants to proceed with this lawsuit, he must (1) pay the $400 filing fee, (2) show good cause in writing why this case should not be dismissed based on apparent false statements in his *in forma pauperis* application, and (3) show good cause in writing why this case should not be dismissed with prejudice for his failure to fully disclose his litigation history. Plaintiff's failure to fully comply with this order by 9/14/2018 will result in summary dismissal of this action. Plaintiff's motion for attorney representation [4] is denied without prejudice to renew if Plaintiff complies with this Order and the matter proceeds. The Clerk is directed to send Plaintiff a copy of this order.

**STATEMENT**

Plaintiff Raymond Garvin, a prisoner at Western Illinois Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding his 2017 arrest for felony theft. Presently before the Court is Plaintiff's application to procced *in forma pauperis*.

Plaintiff's application for leave to proceed *in forma pauperis* is denied for lack of a sufficient showing of indigence. Plaintiff's trust fund statement indicates that he presently has a balance of $492.97. It further shows that he has maintained a balance over this amount, up to $1,163.21 over the last six months. Because Plaintiff is a detainee for whom the state provides the necessities of life, his consistent ability to pay the $400 demonstrates that he does not qualify as indigent. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). A detainee, like any other person contemplating a civil suit, must consider the cost of the litigation versus the probability of success. S*ee also Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir.1997) (noting that a prisoner who "squander[s]" all his assets has the "means" to pay and is not exonerated by section 1915(b)(4)), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir.2000); *see also Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (prisoner "can save up . . . and pay the filing fee").

Plaintiff is financially able to pay the $400.00 filing fee. Plaintiff therefore must prepay the statutory filing fee if he wishes to proceed with this action. Plaintiff may pay by check or money order made payable to Clerk of Court and mailed to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor.

Furthermore, in his application to proceed *in forma pauperis* Plaintiff represented—under penalty of perjury—that he received no funds from any source, with the exception of $15 in state monthly state pay, over the last twelve months. Contrary to Plaintiff's averment, the trust fund statement attached to the application shows a beginning balance of over $1,000 and at least one $300 deposit in May 2018.

"The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 27 (1992)). Plaintiff signed and printed his name under the statement "I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims." (Dkt. 3, pg. 4.) The inconsistency between the substantial funds in his trust fund account over just the six months and his representation that he received essentially no funds over a twelve month period shows that he did not accurately disclose his financial condition.

For these reasons, if he elects to proceed with this action, he must show good cause in writing why this case should not be dismissed based on a false statement in his *in forma pauperis* application. *See Kennedy v. Huibregtse*, 831 F.3d 441, 444 (7th Cir. 2016) (finding dismissal with prejudice was proper sanction for attempting to conceal assets when applying for *in forma pauperis* status); *GM Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice.") (citing 28 U.S.C. § 1915(e)(2)(A)). In other words, he must provide a written explanation for his actions so the Court may consider whether to allow him to proceed.

Furthermore, Plaintiff also is ordered to show good cause in writing why this case should not be dismissed with prejudice for his failure to disclose his full litigation history. The Court's civil rights complaint form requires a plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court in the United States." The form complaint also states:

> IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.

(emphasis in original). Despite this admonishment, Plaintiff indicated that he had previously filed two lawsuits – one in the Northern District of Illinois around 1998 and one in the Southern

District of Illinois around 1991. However, Plaintiff has filed five previous lawsuits: *Garvin v. Dunigan*, No. 91 CV 5020 (N.D. Ill.); *Garvin v. Sandahl*, No. 3:92 CV 0652-JPG-PMF (S.D. Ill.); *Garvin v. Fairman*, No. 94 CV 4435 (N.D. Ill.); *Garvin v. Armstrong*, No. 97 CV 4233 (N.D. Ill.); and *Garvin v. Hartman*, No. 3:99 CV 0894-MJR (S.D. Ill.).

The United States Court of Appeals for the Seventh Circuit has affirmed dismissal for failure of an inmate plaintiff to fully divulge his litigation history. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). In light of Plaintiff's disregard of the requirement that he divulge his litigation history, Plaintiff is also ordered to show good cause in writing, by the date set forth above, why this case should not be dismissed for perpetration of an effective fraud on the court based on the failure to disclose his litigation history. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

If Plaintiff fails to fully comply with the above directives by the date set forth above, the Court will dismiss the case.

Date: 8/15/2018 /s/ Thomas M. Durkin