## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Raymond Garvin (A00367), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 5495 |
| | ) | |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| Ryan J. Krehbiel, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has paid the $400 filing fee for this action. The show cause order is discharged. The Court has reviewed Plaintiff's complaint [1] under 28 U.S.C. § 1915A and dismisses it without prejudice for failure to state a claim. Plaintiff is given leave to submit a proposed amended complaint (assuming he believes that he can state a plausible claim). If Plaintiff fails to do so by November 1, 2018, the Court will dismiss this lawsuit. The Clerk is directed to send Plaintiff an amended complaint form, one blank USM-285 (service) form, and instructions along with a copy of this Order. The Court advises Plaintiff that a completed USM-285 form is required for service on each Defendant named in the amended complaint. The U.S. Marshal will not attempt service on a Defendant unless and until the required form for that Defendant is received. A completed USM-285 form for each Defendant named therein should be submitted along with any amended complaint.

## STATEMENT

Plaintiff Raymond Garvin, a prisoner at Western Illinois Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding his 2017 arrest for felony theft. Presently before the Court is Plaintiff's response to the Court's show cause order regarding the information he provided in his previous application to procced *in forma pauperis* and his complaint for initial review.

Plaintiff responds to the Court's show cause order by pointing out that he did not attempt to hide his assets as he included his trust fund statements and he did not include the $1,000 that was on his person when he was arrested and the $300 settlement because he did not know they had had to be reported on the form. The Court accepts Plaintiff's explanation this one time but Plaintiff is admonished that he must complete all court filings accurately.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same

manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Here Plaintiff alleges the following. On January 15, 2017, a felony theft was committed at Binny Beverage Depot (Binny) in Willow Springs, Illinois. (Dkt. 1, pg. 5.) At some time, Ryan J. Krehbiel, a co-owner of Binny, provided the police with a video and a photo of the subject who committed the theft. (Id.) The video and photo were not the Plaintiff. (Id.) At some time, Krehbiel was provided a photo line-up by Detective Handzile and he "willfully" and "knowingly" falsely picked Plaintiff's picture out of the line-up. (Id.) Detective Handzile "willfully" and "knowingly" had the Plaintiff charged with felony theft even though he knew Plaintiff was not the person in the video and photo. (Id.) State's Attorney Jane Doe also "willingly" and "knowingly" went before the grand jury and informed the grand jury that Plaintiff was eligible for an extendable term even though she knew that Plaintiff was not the person in the video and photo. (Id.)

Plaintiff alleges that the three Defendants, Krehbiel, Handzile, and Jane Doe, knew Plaintiff was not the person who committed the theft but acted otherwise in "conspiracy to discriminate against Plaintiff . . . with implied racial animus." (Id., pg. 6.)

The Court finds that Plaintiff's allegations as currently pleaded do not state a federal claim. To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the Court in which a defendant may be found to act under color of state law. First, state action may occur when the state has cloaked the defendant in some degree of authority, normally through employment or some other agency relationship. *Case*, 327 F.3d at 567. The second such circumstance is when the defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *Id.*

As to Krehbiel, he is not a state actor but is the co-owner of the store in which a theft took place. The allegations do not demonstrate that he was cloaked with any degree of authority or some other agency relationship. In addition, the conclusory allegations of a conspiracy are insufficient. Instead, the allegations demonstrate that he was showed a photo line-up and picked

out Plaintiff as the individual that committed the theft. There are no factual allegations of any type of agreement or conspiracy with the other named Defendants. Similarly, to the extent that Plaintiff seeks to bring a malicious prosecution claim based on Illinois law, he must allege, among other things, that the underlying criminal proceedings were terminated in his favor. *See, e.g., Seiser v. City of Chicago*, 762 F.3d 647, 659 (7th Cir. 2014).

Nor has Plaintiff stated a claim against Handzile. Plaintiff alleges that Handzile showed Krehbiel a phot line-up and Krehbiel picked out Plaintiff as the person who committed the theft. While Plaintiff conclusory alleges a conspiracy, there are no allegations supporting such a claim. "[I]t is well settled that conspiracy does not provide an independent basis of liability." *Ellis v. City of* Chicago, No. 13 C 2382, 2016 WL 212489, at *10 (N.D. Ill. Jan. 19, 2016). Instead, a conspiracy claim must rest on a colorable claim of an underlying constitutional violation. *Id.* Plaintiff's allegations – which are speculative and largely conclusory in nature – do not satisfy this standard. Furthermore, simply alleging he was picked out of the photo line-up and included in the line-up because of some type of unidentified and undefined "implied racial animus" does not state a claim.

In addition, the Jane Doe State's Attorney has absolute immunity from a civil suit for damages. Prosecutors are absolutely immune from suits for damages arising from prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The allegations in the complaint against the Jane Doe State's Attorney involve the bringing of charges against Plaintiff and/or the prosecution of his criminal case. Defendant Jane Doe is therefore immune from suit and Plaintiff may not pursue a § 1983 claim against her.

Finally, and perhaps most importantly, although Plaintiff properly does not seek release from custody in this lawsuit, he clearly refutes that he is person in the video and photo of the person who committed the theft at Binny. The Illinois Department of Corrections website indicates that Plaintiff is presently incarcerated for theft. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), however, a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254. Thus, if Plaintiff's present claims are based on his instance that he is not the person in the video and photo and such, if true, would render his conviction invalid, such claims would be *Heck* barred.

Based on the above, Plaintiff's complaint is dismissed without prejudice for failure to state a claim. Plaintiff may, by the date set forth above, submit an amended complaint if he can articulate facts that state a claim in light of the principles discussed in this order. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading replaces the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any

exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

Plaintiff is instructed to file all future papers concerning this action with the clerk of this court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

The Clerk is directed to send Plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order. The Court advises Plaintiff that a completed USM-285 form is required for service on each Defendant named in the amended complaint. The U.S. Marshal will not attempt service on a Defendant unless and until the required form for that Defendant is received. A completed USM-285 form for each Defendant named therein should be submitted along with any amended complaint. If Plaintiff fails to comply with this order by the date set forth above, this case will be dismissed.

Date: 10/2/2018 /s/ Thomas M. Durkin